# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| E.G., by and through her legal custodian and grandfather, R.G., ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | CIVIL ACTION 18-0265-WS-MU |
| COMPANION BENEFIT ALTERNATIVES, INC., ) ) ) ) | |
| Defendant. ) | |

## ORDER

This matter comes before the Court on plaintiff's First Amended Complaint (doc. 15).

On June 29, 2018, defendant filed a Motion to Dismiss (doc. 7) plaintiff's Complaint pursuant to Rule 12(b)(6), Fed.R.Civ.P. The Court entered a briefing schedule, which was subsequently amended to provide that plaintiff's response to the Rule 12(b)(6) Motion was due on or before July 27, 2018, with any reply by defendant to be filed by August 3, 2018. (*See* docs. 9, 13.) On July 20, 2018, however, plaintiff filed a First Amended Complaint. This filing was made as of right pursuant to Rule 15(a)(1)(B), Fed.R.Civ.P., inasmuch as plaintiff had not previously amended her pleading and the amended pleading was filed within 21 days after service of defendant's Rule 12(b) motion. As such, the First Amended Complaint is now the operative pleading in this matter, and the original Complaint has been superseded and is no longer of any force or effect.[1]

---

[1] *See generally Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1219 (11th Cir. 2007) ("Under both Alabama and federal law, an amended complaint supersedes the initial complaint and becomes the operative pleading in the case."); *Pintando v. Miami-Dade Housing Agency*, 501 F.3d 1241, 1243 (11th Cir. 2007) ("As a general matter, an amended pleading supersedes the former pleading; the original pleading is abandoned by the amendment, and is no longer a part of the pleader's averments against his adversary.") (citations and internal marks omitted); *Thomas v. Home Depot USA, Inc.*, 661 Fed.Appx. 575, 577 (11th Cir. Sept. 8, 2016) ("Generally speaking, an amended complaint supersedes the original complaint: averments against one's adversaries dropped from the original complaint no longer count.").

The obvious question, of course, is what this development means for defendant's pending Motion to Dismiss, as to which briefing remains underway. In the wake of the amendment to the pleadings, it is not entirely clear whether defendant wishes to continue to assert all arguments found in its original Motion, whether it might wish to revise or supplement those arguments, and so on. Rather than speculating as to movant's intentions or attempting to synchronize the pending Motion to Dismiss with a complaint that may have changed in material respects in the interim, a far more efficient approach is to deem defendant's Motion moot and set new deadlines for responsive pleadings or Rule 12(b) motions relating to the First Amended Complaint. Accordingly, defendant's Motion to Dismiss (doc. 7) is **moot** because it relates to a pleading that is now devoid of any legal force or effect. Defendant's answer or Rule 12(b) motion in response to the First Amended Complaint is due on or before **August 3, 2018**. Should defendant wish to renew its Motion to Dismiss, it must reproduce in full any arguments that it intends to reassert from the prior Rule 12(b) Motion, so that the briefing on the renewed motion is self-contained, without merely adopting by reference the contents of previous briefs relating to a now-moot motion.

DONE and ORDERED this 20th day of July, 2018.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE